UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BEHM,

      Plaintiff,

Vs

Case No.
Hon.:

ODYSSEY, INC., a Foreign Corporation,
and DON BROUSSARD, an Individual,
and PAUL MICHAJLYSZYN, an Individual,

      Defendants.

| | |
|---|---|
| JOEL B. SKLAR P38338<br>Attorney for Plaintiff<br>1116 Ford Building<br>615 Griswold<br>Detroit, MI 48226<br>313-963-4529<br>joelb79@hotmail.com | KAREN T. MENDELSON P36116<br>Co-counsel for Plaintiff<br>538 N. Division<br>Ann Arbor, MI 48104<br>734-663-6553<br>karenmendelson@comcast.net |

## **COMPLAINT AND JURY DEMAND**

Plaintiff, David Behm, by and through his lawyers, Joel B. Sklar and Karen T. Mendelson, files this Complaint and Jury Demand against Defendants Odyssey, Inc., Don Broussard and Paul Michajlyszyn and states:

1. Plaintiff is a resident of Lapeer County, Michigan.

2. Defendant Odyssey, Inc. ("Odyssey) is a corporation which does business in Oakland County, Michigan.

3. Defendant Dan Broussard ("Broussard") is an individual who, upon information and belief, resides in Oakland County, Michigan.

4. Defendant Paul Michajlyszyn ("Michajlyszyn") is an individual who, upon information and belief, resides in Oakland County, Michigan.

5. This Court has jurisdiction pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343(4).

6. All of the events and transactions which give rise to this action took place within this District.

7. The amount in controversy exceeds the jurisdictional limit of this Court, exclusive of costs, fees and interest.

## COMMON ALLEGATIONS

8. Plaintiff was hired as a Machinist by Defendant Odyssey in July, 2008.

9. During his employment, Plaintiff was supervised by Defendant Broussard.

10. Defendant Michajlyszyn supervised Broussard.

11. During the period in which Defendant Broussard was Plaintiff's supervisor, Defendant Broussard made sexual advances and overtures toward Plaintiff, and other male employees, including an unwelcomed touching and squeezing of a male employee's penis.

12. Among other things, Defendant Broussard referred to Plaintiff as "his new girlfriend" or "his bitch" when he introduced Plaintiff to his co-employees, asked Plaintiff if he could kiss him, touched Plaintiff in a sexual manner, rubbed Plaintiff's head and shoulders and other parts of his body without Plaintiff's permission or consent, attempted to kiss Plaintiff, told Plaintiff that Broussard and his male friends would go to "Deer Camp" where they would walk around naked and engage in sexually related conduct, asked Plaintiff how large his penis was, used sexually offensive language, texted Plaintiff that he loved him and other

inappropriate comments, and made other unwelcomed homosexual advances toward Plaintiff and other male employees.

13. Plaintiff rejected Defendant Broussard's sexual advances and told him to stop.

14. Plaintiff also complained about Defendant Broussard's unlawful conduct to Defendant Michajlyszyn.

15. Plaintiff Broussard bragged to Plaintiff (and others) that he had grabbed the penis of another co-employee.

16. When Plaintiff told Defendant Broussard that grabbing a male employee's penis was inappropriate, Defendant Broussard threatened to fire Plaintiff if he told anyone of Defendant Broussard's misconduct.

17. Defendant Broussard walked up behind Plaintiff, put his hands up his shirt and began rubbing his arms and then pulled Plaintiff into him to hug Plaintiff.

18. Plaintiff was forced to push Defendant Broussard away whereupon Defendant Broussard told Plaintiff that he was fired.

19. Plaintiff then spoke with Defendant Michajlyszyn, Defendant Broussard's supervisor, and told Defendant Michajlyszyn of Defendant Broussard's unlawful conduct.

20. Defendant Michajlyszyn told Plaintiff that he was not fired and that he would have a meeting with Plaintiff and Defendant Broussard.

21. Later that day, Defendant Broussard told Plaintiff that he better "drop it" because Defendant Michajlyszyn would back Broussard up.

22. When Plaintiff then confronted Defendant Michajlyszyn on Broussard's comment, Defendant Michajlyszyn simply shrugged his shoulders.

23. When the sexual harassment continued, Plaintiff again complained to Defendant Michajlyszyn about Defendant Broussard's unlawful conduct.

24. Again, Defendant Michajlyszyn simply shrugged his shoulders, said "we will talk about it" and walked away.

25. Unsatisfied with Defendant Michajlyszyn's response, Plaintiff then went to Department Manager, Steve Shiffilbine, to complain about the continued sexual harassment by Defendant Broussard, his fear of being discharged because of refusal to accede to the sexual demands of Defendant Broussard and his complaints about Defendant Broussard.

26. Still, Defendant Odyssey failed to take any remedial or corrective measures.

27. Defendants Michajlyszyn and Odyssey knew that Defendant Broussard had made homosexual advances, overtures and other sexually inappropriate behavior to employees other than Plaintiff but failed to take any remedial or corrective action.

28. Because Plaintiff refused to accede to the sexual demands of Defendant Broussard and/or complained of such unlawful conduct to his employer he was discharged.

29. Other male employees who had rejected Defendant Broussard's sexual advances and/or complained of such unlawful conduct were also discharged.

30. On October 26, 2010, Plaintiff received a Right to Sue letter from the EEOC.

### COUNT I: QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT

31. Plaintiff realleges paragraphs 1 through 29.

32. Defendants are all employers for purposes of the Elliott Larsen Civil Rights Act, as defined in MCL 37.2101 et seq.

33. Plaintiff is an employee covered under the Elliott Larsen Civil Rights Act, as defined in MCL 37.2101 et seq.

34. Defendant Broussard was Plaintiff's supervisor and made sexual demands on Plaintiff, including requests to touch and rub Plaintiff's body and kiss Plaintiff.

35. When Plaintiff refused to accede to Defendant Broussard's sexual demands, Defendant Broussard became angry with Plaintiff and threatened to discharge Plaintiff.

36. After Plaintiff refused to accede to the sexual demands of Defendant Broussard, Plaintiff was discharged.

37. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, lost earnings and loss of earning capacity; loss of career opportunities; loss of reputation and esteem in the community, mental and emotional distress; and loss of the ordinary pleasures of life.

### COUNT II:   SEXUAL DISCRIMINATION/HARASSMENT BASED ON GENDER

38. Plaintiff realleges paragraphs 1 through 36.

39. As a male, Plaintiff was a protected person for purposes of the Elliott Larsen Civil Rights Act.

40. Plaintiff was sexually harassed by Defendant Broussard during the course of his employment.

41. The sexual harassment included, but was not limited to, unwelcome comments and conduct of an offensive and sexual nature directed at Plaintiff and the creation of a hostile work environment based on Plaintiff's sex.

42. Among other things, Defendant Broussard would touch and grope male employees, attempt to kiss male employees, ask to rub, caress and feel their bodies, touched and squeezed a male employee's penis, and made sexually suggestive and demeaning remarks concerning male employees, including Plaintiff.

43. Defendant Odyssey knew of Defendant Broussard's creation of a sexually hostile environment toward males because Plaintiff and other employees had told them about Broussard's unlawful conduct.

44. Defendant Michajlyszyn and other agents and employees of Defendant Odyssey had actual knowledge that other male employees whom Defendant Broussard had supervised had been subject to unwelcome sexual advances and sexually offensive conduct by Defendant Broussard.

45. Despite this knowledge, Defendant Odyssey, by and through its agents and employees, failed to take any measures to correct, remedy or otherwise diminish the unlawful conduct of Defendant Broussard.

46. The actions of Defendants were intentional.

47. The conduct of Defendants in sexually harassing Plaintiff constitutes sexual harassment in violation of MCL 37.2101, et seq.

48. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, lost earnings and loss of earning capacity; loss of career opportunities; loss of reputation and esteem in the community, mental and emotional distress; and loss of the ordinary pleasures of life.

### COUNT III: RETALIATION IN VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT

49. Plaintiff realleges paragraphs 1 through 47.

50. Plaintiff's complaints to Defendant Odyssey's agents and employees, including, but not limited to, Defendants Michajlyszyn and Broussard constitute protected activity under the Elliott Larsen Civil Rights Act.

51. Defendants retaliated against Plaintiff when they discharged him for making complaints in opposition to the violation of Plaintiff's civil rights protected under the Elliott Larsen Civil Rights Act.

52. Indeed, Defendants have discharged at least three other employees who complained to management about Defendant Broussard's unlawful and predatory conduct and Defendant Broussard admitted to various

employees that he "railroaded" one former employee who had refused to accede to Defendant Broussard's sexual demands and who had complained about Defendant Broussard's unlawful conduct.

53. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, lost earnings and loss of earning capacity; loss of career opportunities; loss of reputation and esteem in the community, mental and emotional distress; and loss of the ordinary pleasures of life.

## COUNT IV:   VIOLATION OF TITLE VII

54. Plaintiff realleges paragraphs 1 through 52.

55. Plaintiff was a member of a protected class for purposes of Title VII of the Civil Rights Act of 1964, since amended.

56. Plaintiff and other male employees were subjected to unwelcome sexual harassment by Defendant Broussard.

57. The harassment was based on sex.

58. The harassment unreasonably interfered with Plaintiff's work performance by creating a hostile, offensive or intimidating work environment.

59. Defendant Odyssey knew of the sexual harassment and creation of a hostile work environment and Defendant Broussard's proclivity to demand sexual favors and sexually harass male employees under his supervision, including the *quid pro quo* harassment described above.

60. Despite this knowledge, Defendant Odyssey, through its agents and employees, failed to take any remedial or corrective measures to stop the sexual harassment of Plaintiff (and other male employees) by Defendant Broussard.

61. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, lost earnings and loss of earning capacity; loss of career opportunities; loss of reputation and esteem in the community, mental and emotional distress; and loss of the ordinary pleasures of life.

**COUNT V: RETALIATION IN VIOLATION OF TITLE VII**

62. Plaintiff realleges paragraphs 1 through 60.

63. Defendant Odyssey retaliated against Plaintiff for having complained about Defendants' discriminatory practices described above in violation of Title VII.

64. Defendant Odyssey's actions were intentional and taken with reckless indifference to Plaintiff's rights and sensibilities.

65. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, lost earnings and loss of earning capacity; loss of career opportunities; loss of reputation and esteem in the community, mental and emotional distress; and loss of the ordinary pleasures of life.

**PLAINTIFF REQUESTS** that this Court enter a judgment against Defendants as follows:

1. Legal relief:

    a. a judgment for lost wages and benefits, past and future, in whatever amount Plaintiff is found to be entitled

    b. compensatory damages in whatever amount he is found to be entitled

    c. punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay

    d. an award of interest, costs and reasonable attorney fees

2. Equitable relief:

    a. an order reinstating Plaintiff to the position he would have had if there had been no discrimination and retaliation by Defendants

    b. an injunction prohibiting any acts of retaliation or discrimination

    c. an award of interest, costs, and reasonable attorney fees

    d. whatever other equitable relief appears appropriate at the time of trial.

Dated: 11-08-10

\_\_\_\_/s/ Joel B. Sklar\_\_\_\_
JOEL B. SKLAR P38338
Attorney for Plaintiff
1116 Ford Building
615 Griswold
Detroit, MI 48226
313-963-4529

        /s/ Karen Mendelson
Karen Mendelson P36116
Co-counsel for Plaintiff
538 N. Division
Ann Arbor, MI 48104
karenmendelson@comcast.net
(734) 663-6553

## JURY DEMAND

Plaintiff demands a jury trial of this cause of action.

Dated: 11-08-10        /s/ Joel B. Sklar
JOEL B. SKLAR P38338
Attorney for Plaintiff
1116 Ford Building
615 Griswold
Detroit, MI 48226
313-963-4529

        /s/ Karen Mendelson
Karen Mendelson P36116
Co-counsel for Plaintiff
538 N. Division
Ann Arbor, MI 48104
karenmendelson@comcast.net
(734) 663-6553