UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BEHM,

    Plaintiff,

v.

ODYSSEY, INC., a foreign Corporation,
and DON BROUSSARD, an Individual,
and PAUL MICHAJLYSZYN,
an Individual,

    Defendants.
_____/

Case No. 2:10-cv-14460-LPZ-RSW
Hon.: Bernard A. Friedman

**DEFENDANTS' RENEWED MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 50 FOR JUDGMENT AS A MATTER OF LAW AND/OR JUDGMENT NOTWITHSTANDING THE VERDICT AND MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59**

    Defendants, by and through counsel, Garan, Lucow, Miller, P.C., and for their Renewed Motion Under Federal Rule of Civil Procedure 50 for Judgment as a Matter of Law and/or Judgment Notwithstanding the Verdict and Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59, state as follows:

    1.    Plaintiff filed this case on November 8, 2010, asserting violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e) and the Michigan Elliott Larsen Civil Rights Act (MCL 37.2201, et. seq.).

    2.    This matter came to trial before this Court on June 4, 2012. At the conclusion of the Plaintiff's proofs, the Defendants made motion for directed verdict or judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) (See Dkt. No. 45). The Court took this motion under advisement at that time.

3.      The jury returned a verdict on June 8, 2012, in favor of the Plaintiff and judgment was entered on that date by this Court and filed with the Court on June 11, 2012.

4.      Fed. R. Civ. P. 50(b) permits a party after a verdict has been rendered by a jury to file a renewed motion for judgment as a matter of law and include in the motion a request in the alternative for a new trial under Fed. R. Civ. P. 59.

5.      The purpose of this renewed motion is to challenge the facts as found by the jury <u>and</u> to raise purely legal challenges.

6.      As presented at trial, there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on the issue of punitive damages, combined compensatory and punitive damages as well as compensation for future non-economic damages.

7.      Fed. R. Civ. P. 59(a)(1)(A) provides that this Court may on a motion grant a new trial on all or some of the issues for any reason which the new trial has heretofore been granted in an action at law in a federal court. In the alternative, the Court may also reduce a verdict that is found excessive. See *Linn v. United Plant Guard Workers of America, Local 114*, 383 U.S. 53, 65-66 S.Ct. 1996.

8.      A motion for new trial has been authorized by the Sixth Circuit when the jury has reached a seriously erroneous result by the damages being excessive and/or the trial being unfair to the moving party in some fashion. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006), Reh. Banc den. (2007).

WHEREFORE, the Defendants request this Honorable Court grant the motion for judgment as a matter of law and enter judgment for the Defendants, including on the issue of excessive compensatory damages pursuant to 42 U.S.C. §1981a.

                                                  GARAN LUCOW MILLER, P.C.

                                                  /s/ Timothy J. Jordan
                                                  Attorneys for Defendants
                                                  1000 Woodbridge Street
                                                  Detroit, MI 48207-3192
                                                  313.446.5531

Dated: July 6, 2012                    tjordan@garanlucow.com
1032831.1                               P46098

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BEHM,   Case No. 2:10-cv-14460-LPZ-RSW
　　　　　　　　Hon.: Bernard A. Friedman
　　Plaintiff,
v.

ODYSSEY, INC., a foreign Corporation,
and DON BROUSSARD, an Individual,
and PAUL MICHAJLYSZYN,
an Individual,

　　Defendants.
_____/

**BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 50 FOR JUDGMENT AS A MATTER OF LAW AND/OR JUDGMENT NOTWITHSTANDING THE VERDICT AND MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59**

　　Defendants, Odyssey Industries, Inc. and Donald Broussard rely upon the case law and authority decided under Fed. R. Civ. P. 50(b), Rule 59, 42 U.S.C. §2000e and 42 U.S.C. §1981a and relevant state law. Defendants further incorporate by reference the trial testimony and exhibits as set forth in the trial transcript. Defendants also incorporate their oral and written motion for directed verdict or judgment as a matter of law (Dkt. No. 45) submitted pursuant to Fed. R. Civ. P. 50(a) and trial briefs filed in this matter. Defendants request, with the stipulation of opposing counsel having been requested, the opportunity to file a supplemental brief expanding on the legal and factual reasons supporting the motion as the necessary trial transcript, which has been ordered, has not yet been obtained in full.

WHEREFORE, the Defendants request this Honorable Court grant the motion for judgment as a matter of law and enter judgment for the Defendants, including on the issue of excessive compensatory damages pursuant to 42 U.S.C. §1981a.

                                              GARAN LUCOW MILLER, P.C.

                                              /s/ Timothy J. Jordan
                                              Attorneys for Defendants
                                              1000 Woodbridge Street
                                              Detroit, MI  48207-3192
                                              313.446.5531

Dated:  July 6, 2012                      tjordan@garanlucow.com
1032831.1                                      P46098

## CERTIFICATE OF SERVICE

     I hereby certify that on July 6, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following: Thomas Paxton, Joel Sklar and Karen Mendelson and I certify that I have mailed by U.S. Mail the document to the following non-ECF participants: N/A

                                              GARAN LUCOW MILLER, P.C.

                                              /s/ Timothy J. Jordan
                                              Attorneys for Defendants
                                              1000 Woodbridge Street
                                              Detroit, MI  48207-3192
                                              313.446.5531
                                              tjordan@garanlucow.com
                                              P46098